In re FEES PAYABLE BY VOLUNTARY BANKRUPTS.

(District Court, D. Washington, N. D. June 20, 1899.)

BANKRUPTCY—VOLUNTARY—FILING FEES—POVERTY AFFIDAVIT.

When the petition of a proposed voluntary bankrupt is accompanied by an affidavit stating that he is without and cannot obtain the money with which to pay the filing fees required by the act, the clerk will file the petition and docket the case, without exacting the deposit of such fees; but as the case progresses the petitioner must pay the necessary expenses, and, before a final discharge will be granted, he must also pay the fees allowed to the clerk, referee, and trustee, or else make a showing to the satisfaction of the court that, by reason of ill health or circumstances of peculiar misfortune, he is a worthy object of charity.

HANFORD, District Judge. The bankruptcy law specifies certain duties which clerks of the district court are required to perform, and, among other exactions, the clerk is required to collect the fees of the clerk, referee, and trustee in each case instituted before filing the petition, except the petition of a voluntary bankrupt, which is accompanied by an affidavit stating that the petitioner is without and cannot obtain the money with which to pay such fees. The law also provides that clerks and referees shall, respectively, receive, as full compensation for their services to each estate, $10, and trustees shall receive $5, except when a fee is not required from a voluntary bankrupt. The law does not provide otherwise for compensating clerks, referees, and trustees for services which they are required to render in cases of voluntary bankruptcy; therefore, in the cases in which no fees are collected, the services of the officers named must be rendered gratuitously. The idea seems to be prevalent that the provisions of the law give to any voluntary bankrupt who will simply make an affidavit at the time of filing his petition that he is then without and cannot get the amount necessary to be deposited with the clerk an absolute right to have other people work for him to the extent necessary to carry the proceedings in his case to completion without any compensation, and that, having filed the affidavit, he is to be excused from paying the fees, regardless of his condition at the time of applying for his final discharge. I am sorry to say that in a number of cases bankrupts who appear to be in sound health and able to do for themselves, and who have the appearance of being well dressed and well fed, have shown a disposition to take advantage of all the benefits which this

bankrupt law is supposed to contain. The law certainly does excuse the clerk for failure to collect the fees before filing the petition in those cases in which an affidavit is made by a voluntary petitioner in the form prescribed, and I think that the statute, reasonably construed, requires the clerk in such cases to file the petition and let the case proceed, without exacting the deposit of $25; but that certainly is as far as the provisions of the law can be extended. It is not to be presumed that a condition of extreme poverty and helplessness existing at the time of filing the petition will be continuing. I can find no express provisions in the law requiring the court to discharge a bankrupt from his liabilities who does not pay the expenses of the proceedings necessary to secure that discharge, nor is there any rule which binds the court to accept the unsupported affidavit of the bankrupt himself to the fact of his inability to pay the fees. It is necessary for the court to be governed by a fixed and general principle in matters of practice; therefore I announce the following as the rule to be observed in cases of this class, viz.: When the petition of a voluntary bankrupt is presented, accompanied by the prescribed affidavit, the clerk will file the petition and docket the case. As the case progresses, the petitioner must pay the necessary expenses, and, before a final discharge will be granted, he must also pay the amount of compensation allowed to the clerk, referee, and trustee, or else make a showing to the satisfaction of the court that, by reason of ill health or circumstances of peculiar misfortune, he is a worthy object of charity.